IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DEBBIE JENKINS**                                                                                                    **PLAINTIFF**

**V.**                                         **CASE NO. 5:19-CV-5156**

**ANDREW M. SAUL, Commissioner**
**Social Security Administration**                                                        **DEFENDANT**

## ORDER

Plaintiff Debbie Jenkins appealed the Commissioner's denial of benefits to this Court. On September 9, 2020, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 19).

On December 7, 2020, Plaintiff filed a motion for an award of $5,192.43 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 25.70 attorney hours of work before the Court at an hourly rate of $199.00 for work performed in 2019; and $202.83 per hour for work performed in 2020. (Doc. 20). To date, Defendant has not filed a response to the motion.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

1

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the Court may reduce the award accordingly. *Hensley*, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 5.30 hours of attorney work performed in 2019, at an hourly rate of $199.00; and 20.40 hours of attorney work performed in 2020, at an hourly rate of $202.83. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley*, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour—the maximum statutory rate under § 2412(d)(2)(A)—unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Pursuant to General Order 39,[1] which references the Consumer Price Index (CPI) – South, the Court finds that an enhanced hourly rate based on a cost-of-living increase is appropriate, and counsel will be compensated at $199.00 per hour in 2019, and $202.83 per hour in 2020.

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. The Court has reviewed the itemized statement and finds the amount of 25.70 attorney hours is reasonable.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 5.30 attorney hours for work performed in 2019, at an

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the nearest dollar:

2019 – 242.150 x 125 divided by 152.4 (March 1996 CPI-South) = $198.61/hour -$199.00.

2020 - 247.289 X 125 divided by 152.4 (March 1996 CPI-South) = $202.82/hour -$203.00.

3

hourly rate of $199.00, and 20.40 attorney hours for work performed in 2020, at an hourly rate of $202.83, for a total attorney's fee of $5,192.43.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IT IS SO ORDERED AND ADJUDGED** on this 13th day of January, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE